UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FREDERICK BANKS,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )       No.:   3:17-CV-329-TAV-DCP
                                    )
ADRIAN ROE, MARK R. HORNAK,         )
ROBERT CESSAR, SOO SONG,            )
SEAN LANGFORD, ROBERT WERNER,       )
and MIKE POMPEO,                    )
                                    )
            Defendants.             )

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On June 4, 2018, the Court entered an order providing that Plaintiff would have fifteen days from the date of entry of that order to pay the filing fee or to submit the documents necessary for Plaintiff to proceed *in forma pauperis* [Doc. 3]. More than eighteen days[1] have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Also, the United States Postal Service returned the mail containing this order to the Court as undeliverable [Doc. 5]. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff had an additional three days to respond to the order. Fed. R. Civ. P. 6(d).

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff failed to update his address and/or monitor this action as Local Rule 83.13 requires.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss the case if Plaintiff did not timely comply with the Court's previous order [Doc. 4 p. 1–2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was seeking leave to proceed *in forma pauperis* in this action [Doc. 2] and Plaintiff has not pursued this action since filing his motion for

leave to proceed *in forma pauperis* and amended complaint [Doc. 3] more than ten months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE